UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| D.D. CARTER-BOYD,<br><br>Plaintiff,<br><br>vs.<br><br>DEPARTMENT OF THE TREASURY<br>INTERNAL REVENUE SERVICE,<br><br>Defendant. | Case No. 4:19-CV-3236 SPM |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of *pro se* plaintiff D.D. Carter-Boyd for leave to commence this action without prepayment of the required filing fee. Having reviewed the financial information submitted in support, the Court will grant the motion and the filing fee will be waived. *See* 28 U.S.C. § 1915(a)(1). For the reasons explained below, the Court will order plaintiff to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a *pro se* complaint under 28 U.S.C. § 1915, the Court accepts the well-plead facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the *pro se* plaintiff that assumed facts that had not been pleaded).

## The Complaint

Plaintiff D.D.Carter-Boyd brings this civil case against one defendant, "Department of Treasury, Internal Revenue Service," alleging that defendant owes her $3,062. Plaintiff states as follows:

> I had been ill and grieving loss of several loved ones, disabled as well. I filed my tax papers a few days late due to a confusion. I requested an appeal from IRS for $3,062 since I owed following year to IRS. I am dealing with financial hardship, cases of discrimination and need money to solve financial problems. This happened claim from 12/20113. Received denial from IRS 3/09/18.

For relief, plaintiff requests $3,062 and fees and penalties.

## Discussion

Unless Congress has specifically authorized an agency of the federal government, such as the Internal Revenue Service ("IRS"), to be sued in its own name, an action may not be

maintained against that agency. *See Blackmar v. Guerre*, 342 U.S. 512, 515 (1952). Congress has not specifically authorized suit against the IRS. Therefore, it is not a suable entity. *See, e.g., Higgins v. U.S.*, 2003 WL 21693717 at *1 (E.D. N.Y. May 27, 2003) (holding that IRS was not subject to suit in its own name); *Frasier v. Hegeman*, 607 F. Supp. 318, 322 (N.D. N.Y. 1985) (holding that a suit against the IRS is a suit against the United States); *Krouse v. U.S. Gov't Treasury Dep't IRS*, 380 F. Supp. 219, 221 (C.D. Cal. 1974) (holding that the Department of the Treasury and the IRS are not entities subject to suit). "District courts lack subject-matter jurisdiction over claims against the Government to which Congress has not consented." *Miller v. Tony & Susan Alamo Found.*, 134 F.3d 910, 915–16 (8th Cir. 1998). Because the IRS cannot be subject to suit, a case against the agency must be dismissed because this Court does not have jurisdiction over the claims.

Even if plaintiff had filed suit against the proper defendant, the United States, the Court notes that it appears that plaintiff has failed to exhaust her administrative remedies with respect to her claim. Pursuant to § 7422 of Title 26 of the United States Code, a taxpayer may only file suit for a refund after the taxpayer has filed an administrative claim for a refund. 26 U.S.C. § 7422(a).[1] If the administrative claim is denied, the taxpayer may then file a tax refund suit in the district court, but only within the time constraints provided in 26 U.S.C. §6532(a)(1). Compliance with these requirements is jurisdictionally required of the taxpayer before initiating the lawsuit.

In the instant case, the complaint fails to state any facts to meet the jurisdictional requirements of the statute. Plaintiff states that she requested an appeal from IRS for $3,062, but

---

[1] Section 7422(a) states: "No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof."

- 3 -

she does not assert that she has filed a **timely** claim for a refund. Thus, to the extent that this case can be construed as a refund action, this Court appears to lack subject matter jurisdiction to decide the claim. In light of the aforementioned, plaintiff will be required to show cause, within thirty (30) days of the date of this Order, why this case should not be dismissed for lack of subject matter jurisdiction.

Last, the Court will address plaintiff's motion for appointment of counsel. There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

Plaintiff has demonstrated, at this point, that she can adequately present her claims to the Court. Neither the factual nor the legal issues in this case are complex. Thus, her motion for appointment of counsel will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**. The filing fee is waived.

**IT IS FURTHER ORDERED** that the Clerk of Court shall not issue process or caused process to issue upon the complaint at this time.

**IT IS FURTHER ORDERED** that plaintiff shall show cause in writing, within **thirty (30) days** from the date of this Order, why this case should not be dismissed for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #3] is **DENIED without prejudice**.

Dated this 27th day of March, 2020.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE